Joshua D. Wayser (SBN 152711)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Attorneys for Federal Deposit Insurance Corporation,
as receiver for Tamalpais Bank

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>TAMALPAIS BANCORP,<br>f/k/a EPIC BANCORP,<br><br>        Debtor.<br>_____<br><br>LINDA S. GREEN, in her capacity as<br>chapter 7 trustee for TAMALPAIS BANCORP,<br>f/k/a EPIC BANCORP,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, in its capacity as<br>receiver for Tamalpais Bank,<br><br>        Defendant.<br>_____ | Dist. Court Case No. 3:11-cv-00076-JSW<br>Honorable Jeffrey S. White<br><br><br><br><br>Reference Withdrawn From:<br><br>Chapter 7<br>Case No. 10-13707-AJ<br>Hon. Alan Jaroslovsky<br><br>Adv. Pro. No. 10-01168<br><br>**OBJECTION OF FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR TAMALPAIS BANK, TO TRUSTEE'S MOTION FOR LEAVE TO FILE A MOTION TO RECONSIDER**<br><br>No Hearing Set |

Federal Deposit Insurance Corporation ("FDIC"), as receiver for Tamalpais Bank ("FDIC-R"), by and through its undersigned counsel, files this Objection to Trustee's Motion for Leave to File a Motion to Reconsider ("Motion") and states as follows in support thereof.[1]

## INTRODUCTION

Rather than complying with Title 12's mandatory administrative claims process and then subsequently filing her lawsuit in this district court as expressly required by 12 U.S.C. § 1821(d), the bankruptcy Trustee has ignored Title 12's requirements and again attempts to have her claims against FDIC-R litigated in the bankruptcy court. To that end, Trustee is continuing her efforts to forum shop and is now asking this Court to reverse the decision it reached less than three weeks ago because "new material facts" have supposedly come to light. However, Trustee's request for leave to file a motion for reconsideration based upon FDIC-R's recent filing of its proof of claim in the bankruptcy case is without merit and should be denied. As explained below, the filing of the proof of claim by FDIC-R has not changed or affected a single substantive or procedural aspect of this Court's recent decision to withdraw the reference.

First, Trustee has known since the filing of the bankruptcy case that the deadline for FDIC-R to file a proof of claim was March 24, 2011 and that FDIC-R would, in fact, preserve its rights and timely file a proof of claim. These facts are not "new" by any means and if Trustee felt they were of

---

[1] The submission of the Objection shall not in any way constitute a submission by FDIC-R to the jurisdiction or authority of any court for the resolution of any regulatory matter involving Bancorp and FDIC-R, nor is the Objection an admission that any court is the appropriate forum for disputes between FDIC-R and Bancorp. The filing of this Objection shall not constitute a waiver or consent by FDIC-R of any: (a) right to Sovereign Immunity, whether FDIC-R is acting in its capacity as receiver or otherwise; (b) right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Court Judge; (c) right to trial by jury in any proceeding as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related thereto, whether or not such jury trial right is pursuant to statute or the United States Constitution; or (d) other rights, claims, actions, defenses, setoffs, recoupments or other matters to which FDIC-R is entitled under any agreements or at law or in equity or under the United States Constitution. All of the foregoing rights are expressly reserved and preserved, without exception and without the intention or purpose of conceding jurisdiction in any way by this filing or by any other participation in this matter or in this case. FDIC-R expressly reserves all rights at law and equity to assert the preemption of the Bankruptcy Court's jurisdiction and the exclusive jurisdiction provided under Title 12, as applicable, with respect to FDIC-R.

material significance she could and should have raised them long ago in her objection to FDIC-R's original withdrawal motion.

Second, and more importantly, permissive withdrawal was and is clearly warranted in this case, regardless of the FDIC-R's filing of its proof of claim and Trustee's filing of her amended complaint. The threshold factual and legal issue to be determined in this action – ownership of tax refunds – remains the same. This very issue was raised by Trustee in her initial complaint, it's been raised by her in her amended complaint, it was raised by FDIC-R in its proof of claim, and it has been raised by FDIC-R in its counterclaim. Trustee's attempt – once again – to re-characterize this entire action as "primarily" a bankruptcy-related dispute is unavailing and should not be entertained by this Court.

## OBJECTION

### A.  There Are No New Material Facts In This Case.

Local Civil Rule 7-9(b) requires that a party filing a motion for leave to specifically show "the emergence of new material facts." Trustee alleges that FDIC-R's filing of its proof of claim is a new material fact. However, this is not true. Trustee has known since her appointment that the deadline for FDIC-R to file a claim was March 24, 2011 because such deadline was set by the bankruptcy code. Trustee also knew that FDIC-R would timely file a proof of claim to preserve its rights. If Trustee believed that the filing of the claim would have a material effect on this case, she could and should have brought such objection during the briefing on FDIC-R's motion to withdraw the reference. However, she did not. Instead, she waited until after this Court ruled on the withdrawal motion to raise the issue in an effort to conjure up a reason for this Court to reconsider its ruling.

**B.     Permissive Withdrawal Is Still Warranted In This Case.**

This Court may withdraw any case from the bankruptcy court for cause. 28 U.S.C. § 157(d). As this Court held in its Order, "[i]n determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping and other related factors." Order 5:19-21 (citing *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Wareshouseman & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)).

In the context of the foregoing, this Court expressly found that permissive withdrawal was warranted in this case because the threshold issue herein – ownership of the tax refunds – is non-core. *See* Order Granting Motion to Withdraw Reference to Bankruptcy Court [Doc. No. 12] (the "Order"). Specifically, this Court rejected Trustee's prior attempt to place form over substance by characterizing this case as one to determine property of the bankruptcy estate. Order 6:14-24. Instead, this Court correctly found that this case involves issues that exist entirely independent of bankruptcy law and specifically held that:

> [t]he controlling question in the present case is whether the Refunds belong to Debtor under the TSA, and the bankruptcy-related question of whether 11 U.S.C. § 541(a) includes the Refunds in Debtor's bankruptcy estate is ***only secondary to that threshold inquiry under contract law***.

Order 7:3-6 (emphasis added).

Notwithstanding this Court's ruling, Trustee apparently wants to rehash her prior unsuccessful argument and, once again, is trying to frame this action, and the relating claims and counterclaims, as "primarily" a bankruptcy-related dispute. Specifically, rather than arguing that this action centers around a "determination of property of the bankruptcy estate," the Trustee is now arguing that this action primarily involves a "claim objection." Trustee is re-asserting the same losing argument based on a different label. Consistent with this Court's Order, however, other

courts have denounced such efforts to characterize disputes over ownership of property as core claims because such characterizations only serve to eviscerate the Supreme Court's holding in *Northern Pipeline* that bankruptcy courts cannot exercise the type of judicial power reserved for Article III courts. *See, e.g.*, 5 COLLIER ON BANKRUPTCY ¶ 542.01 (Alan N. Resnick & Henry J. Sommers eds., 16th ed) (stating that designating a common law cause of action where there is a title dispute as a core proceeding "would eviscerate the Supreme Court's holding in *Northern Pipeline* ... and permit the bankruptcy court to exercise the type of judicial power reserved for an Article III court.") (citing *Savage & Assoc., P.C. v. Mandl (In re Teligent, Inc.)*, 325 B.R. 134, 138 (Bankr. S.D.N.Y. 2005).

In sum, even after Trustee's filing of her amended complaint, the threshold issue remains the same and, as a result, the basis for the Court's Order has not changed and permissive withdrawal was, and still is, warranted.

**1. Trustee's Initial Complaint, Amended Complaint, FDIC-R's Proof of Claim and FDIC-R's Counterclaim All Involve The Same Threshold Issue.**

As this Court found in its Order, Trustee's request for declaratory judgment in her original complaint involves the threshold issue of ownership. Trustee's amended complaint also involves this same threshold issue. Trustee has not dismissed her request for declaratory judgment that the refunds are property of the estate and fails to explain how the first count of her complaint (the declaratory judgment count) is now supposedly "secondary" to her claim objection count. Nor can the Trustee explain why her second cause of action is the "primary" claim to be decided herein when FDIC-R has filed its own counterclaim (which is based exclusively on non-bankruptcy federal law). Moreover, FDIC-R's proof of claim to which Trustee has objected still involves the same threshold issue of ownership.

FDIC-R's proof of claim was only filed to preserve FDIC-R's rights in the unlikely event the refunds are determined property of the bankruptcy estate.  The proof of claim plainly states that FDIC-R still believes it is the owner of the refunds and only has a claim for such refunds against the bankruptcy estate if, and only if, the refunds are determined to be property of the estate.  For example, FDIC-R's proof of claim states:

> * FDIC-R is the rightful owner of approximately $9.7 million in tax refunds relating to tax year 2009 and which arise from a consolidated tax return filed by Bancorp.  Trustee has recently notified FDIC-R that she is holding approximately $650,000 in tax refunds from the State of California.  To the extent that $650,000 is not included in the $9.7 million, FDIC-R claims ownership of such additional amount and any other tax refunds received by Trustee and/or Debtor and preserves all of its rights related thereto.  Although the refunds are owned by FDIC-R, Bancorp's bankruptcy estate asserts an interest in such refunds.  To the extent Bancorp's bankruptcy estate actually holds an interest in the refunds, FDIC-R herein asserts a claim against Bancorp's bankruptcy estate for a presently undetermined amount,  (Proof of Claim at 2, 3) and
>
> * To the extent a court determines that the tax refunds are not the sole property of FDIC-R, FDIC-R asserts both an administrative priority claim to the extent the tax attributes giving rise to the refunds arose post-petition and an unsecured claim for any other refunds awarded to Bancorp's estate. (Proof of Claim at 4.)

FDIC-R merely preserved its rights by filings its proof of claim, notably an act the debtor failed to do when the receivership was established.  FDIC-R's proof of claim certainly did not raise any new threshold issue.  FDIC-R's counterclaim -- and Trustee's additional count objecting to FDIC-R's proof of claim -- are merely additional avenues to address the same exact threshold issue regarding ownership of the refunds.  As a result, just like this Court found in its withdrawal order that a determination under § 541 is a secondary issue in this case, Trustee's claim objection is also secondary to the threshold ownership issue in this case.

### 2. Withdrawal Also Promotes The Efficient Use of Judicial Resources, Prevents Further Delay And Costs To The Parties, Uniformity Of Bankruptcy Administration, And The Prevention Of Forum Shopping.

Even though it is clear that the threshold issue in this case has not changed notwithstanding the Trustee's new cause of action, it must be noted that, in any event, the determination of whether a claim is core or non-core is not dispositive in determining whether permissive withdrawal is warranted (*Hawaiian Airlines, Inc. v. Mesa Air Group*, 355 B.R. 214, 223 (D. Haw. 2006)). Courts consider whether withdrawal promotes the efficient use of judicial resources, the delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping and other related factors. *Sec. Farms*, 124 F.3d at 1008.

The most efficient use of judicial resources is for this Court to handle this case. As this Court found in its Order, while a bankruptcy court may hear certain non-core issues, its findings of fact and conclusions of law on such issues are subject to de novo review by a district court absent consent of both parties. 28 U.S.C. § 157(c). Because FDIC-R has not consented to the entry of final orders by the bankruptcy court, judicial efficiency and costs continue to be served here by withdrawing the reference. Order 7:17-23. Moreover, this court has already considered the issues set forth herein and it would be a duplication of judicial resources and costs for the bankruptcy court to undertake the same analysis at this point.

Finally, denying Trustee's request for consideration will not only deter further forum shopping by her, but it will also generally deter forum shopping in cases such as this where a party attempts to conjure up new arguments that could have been asserted in the original pleadings but the party chose to assert only after the entry of the Court's order.

### C. Conclusion.

Because Trustee cannot establish any basis to reverse the Court's Order, including demonstrating an emergence of new material facts, it would be futile for the Trustee to file a motion for reconsideration.

WHEREFORE, FDIC-R respectfully requests this Court to deny Trustee's request for leave to file a motion to reconsider and grant FDIC-R such other relief it deems just.

Dated: April 7, 2011                                /s/ Joshua D. Wayser

*Counsel for FDIC-R*

CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2011, I filed FDIC-R's Objection to Trustee's Motion for Leave to File a Motion to Reconsider with the Court's electronic filing system, which automatically served:

Geoffrey Arnold Heaton, counsel for Trustee, gheaton@duanemorris.com

And I delivered a copy to:

*District Court Judge*
Honorable Jeffrey S. White
United States District Court
 450 Golden Gate Avenue
16th Floor
San Francisco, CA 94102

By:   /s/ Joshua D. Wayser
*Counsel for FDIC-R*