United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

TAMALPAIS BANCORP,
f/k/a EPIC BANCORP,

    Debtor.
_____/

LINDA S. GREEN, in her capacity as Chapter 7 trustee for TAMALPAIS BANCORP, f/k/a EPIC BANCORP,

    Plaintiff,

  v.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver for Tamalpais Bank,

    Defendant.
_____/

No. C 11-00076 JSW

**ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND VACATING ORDER OF WITHDRAWAL**

    Now before the Court is the motion of Plaintiff Linda S. Green ("Trustee") for leave to file a motion for reconsideration of the Court's Order Granting Motion to Withdraw Reference to Bankruptcy Court entered on March 21, 2011. Pursuant to Civil Local Rule 7-9, the Court hereby GRANTS Trustee's motion for leave to file a motion for reconsideration, and hereby VACATES the Order of withdrawal.

    In the Order of withdrawal, the Court determined that mandatory withdrawal of the reference to the bankruptcy court is not appropriate because defendant Federal Deposit Insurance Corporation ("FDIC") "failed to identify any novel issues of federal non-bankruptcy

1  law that are likely to arise in the adversary proceeding." (Doc. no. 12 at 5.) The Court
2  determined that permissive withdrawal was appropriate because "Trustee's pre-petition, TSA-
3  based claim to the Refunds is a non-core claim under binding precedent." (Doc. no. 12 at 7.)
4  Having determined that Trustee's claim was non-core under *Security Farms v. Int'l*
5  *Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999 (9th Cir. 1997),
6  the Court entered the Order of withdrawal.

7  Trustee now seeks reconsideration of the Order of withdrawal based on the "emergence
8  of new material facts" pursuant to Civil Local Rule 7-9(b). Specifically, Trustee has
9  demonstrated that FDIC filed a proof of claim in the Debtor's bankruptcy case on March 23,
10  2011. (Doc. no. 15-3, Request for Judicial Notice, Ex. B.) In the proof of claim, FDIC states
11  among other things that it "has a claim against Bancorp, in an unliquidated amount, stemming
12  from any consolidated federal and state tax returns filed, or to be filed, by Bancorp on behalf of
13  the Bank for which a refund is due." (*Id*. at 5.) On March 30, 2011, Trustee filed an Amended
14  Complaint in which Trustee objected to FDIC's proof of claim under section 502 of the
15  Bankruptcy Code. (Doc. no. 14 ¶¶ 51-56.)

16  FDIC does not dispute that it filed a proof of claim but contends that it filed the proof of
17  claim "to preserve FDIC-R's rights in the unlikely event the refunds are determined property of
18  the bankruptcy estate." (Doc. no. 17 at 6.) FDIC argues that the Court should deny
19  reconsideration because "the determination of whether a claim is core or non-core is not
20  dispositive in determining whether permissive withdrawal is warranted." (*Id*. at 7.) In granting
21  FDIC's motion for withdrawal, however, the Court considered that "'characterization of the
22  claims as core or non-core [under 28 U.S.C. § 157(b)] is useful before considering the [*Sec.
23  Farms*] factors.'" (Doc. no. 12 at 5 (quoting *Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.*,
24  355 B.R. 214, 223 (D. Haw. 2006).)

25  28 U.S.C. section 157(b)(2) provides a non-exhaustive list of core proceedings which
26  bankruptcy judges may hear and determine. Trustee's objection to FDIC's proof of claim
27  constitutes a core proceeding under section 157(b)(2)(C), which defines as a core proceeding
28  any "counterclaim[] by the estate against persons filing claims against the estate." *See In re*

2

1  *Ray*, 624 F.3d 1124, 1130 (9th Cir. 2010). *See also In re G.I. Industries, Inc.*, 204 F.3d 1276,
2  1280 (9th Cir. 2000) (recognizing bankruptcy court's core jurisdiction over proof of claim
3  based on state law contract issue).

4      Trustee has demonstrated that the emergence of new material facts warrants
5  reconsideration of the Court's Order of withdrawal. Civ. L.R. 7-9 (b)(2). Trustee's objection to
6  FDIC's newly filed proof of claim constitutes a core proceeding. Having considered the close
7  relationship of issues raised in FDIC's proof of claim with the issues to be decided on Trustee's
8  objection and claim for declaratory relief seeking determination of the parties' rights in the tax
9  refunds, the Court determines that the core nature of Trustee's objection and the interests of
10 judicial efficiency and uniformity of bankruptcy administration weigh against withdrawal of the
11 bankruptcy reference of Trustee's action. *Sec. Farms*, 124 F.3d at 1008. The Court determines
12 that allowing this case to proceed in the bankruptcy court will not result in duplicative efforts or
13 inconsistent results because the Court has not ruled on dispositive motions in this matter and
14 has not issued case management or scheduling orders. The Court therefore VACATES the
15 Order Granting Motion to Withdraw Reference entered on March 21, 2011, and hereby
16 DENIES FDIC's motion to withdraw reference to Bankruptcy Court upon reconsideration.

## CONCLUSION

18 For the reasons set forth above, Trustee's motion for leave to file a motion for
19 reconsideration is GRANTED. (Doc. no. 15.) The Order of withdrawal entered March 21,
20 2011 is hereby VACATED. The Clerk shall transfer the file to the Bankruptcy Court for the
21 Northern District of California.

22 **IT IS SO ORDERED.**

24 Dated: April 19, 2011

                                                  JEFFREY S. WHITE
                                                  UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California